## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

PRIORITY RECORDS LLC, et al.,

      Plaintiffs,

vs.                                                                 Civil No: 07-920 WJ/LFG

SYLVIA PADILLA,

      Defendant.

### MEMORANDUM OPINION AND ORDER GRANTING
### MOTION FOR ENTRY OF DEFAULT JUDGMENT AND REQUESTED RELIEF

THIS MATTER comes before the Court upon Plaintiffs' Application for Entry of Default

Judgment by the Court, filed December 6, 2007 (**Doc. 14**).  This is a copyright infringement case.

Priority Records alleges that Defendant unlawfully and continuously downloaded and/or

distributed to the public sound recordings owned by or exclusively licensed to Plaintiffs    through

"peer-to-peer"("P2P") file-copying networks.[1] Plaintiffs seek injunctive relief, statutory damages,

costs and attorney fees.

### Discussion

**I.     Default Judgment on Liability**

Defendant was served personally on October 15, 2007 (Doc. 6).  Defendant has not

answered, or made an appearance in this case.  A Clerk's Entry of Default was entered on March

6, 2008.  Doc. 15.  A defendant's default serves as an admission to the allegations in the

---

[1]  The Complaint describes these P2P networks as "systems or processes that enable
Internet users to search for files (including audio recordings) stored on other users' computers
and transfer exact copies of files from one computer to another via the Internet . . . ." Complaint,
¶ 12.

complaint. <u>In re Uranium Antitrust Litigation</u> 617 F.2d 1248, 1260 (7th Cir. 1980).  In the face of a plaintiff's well-pleaded allegations of fact, a defaulting defendant admits those allegations, and is barred from contesting on appeal the facts thus established. <u>Nishimatsu Const. Co., Ltd. v. Houston Nat. Bank</u>, 515 F.2d 1200, 1206 (5th Cir. 1975).  Plaintiffs' allegations here are well-pleaded.  The complaint details the nature and scope of the alleged infringement, describing how Defendant used an online media distribution system to copy the eight copyrighted sound recordings (Exhibit A to the Complaint) in order to distribute those recordings to other users of the system.  Paragraph 14 of the complaint describes the start date of the infringement, based on Plaintiffs' discovery and identification of Defendant's "IP address."

The Court finds that Defendant's failure to appear or otherwise defend this case constitutes an admission of the allegations in the complaint.  Thus, I will grant Plaintiffs default judgment as to liability.

**II.     Default Judgment on Requested Relief**

In addition to statutory damages under 17 U.S.C. § 504(c)(1), Plaintiffs seek an injunction pursuant to § 502 of the Copyright Act.[2]

A.     <u>Injunctive Relief</u>

Courts may issue injunctions as part of default judgments.  See, <u>e.g.</u>, <u>Claremont Flock Corp. v. Alm</u>, 281 F.3d 297 (1st Cir. 2002) (default judgment. awarding damages and permanent injunction in contract case); <u>S.E.C. v. Coldicutt</u>, 258 F.3d 939, 941 (9th Cir. 2001) (permanent injunction entered against securities broker on default judgment); <u>Johnson v. Kakvand,</u> 192 F.3d

---

[2]  Under § 502, courts may grant temporary and final injunction "on such terms as it may deem reasonable to prevent or restrain infringement of a copyright."

656 (7th Cir. 1999) (entering injunction on default judgment for violation of Fair Housing Act).

In order to receive a preliminary injunction, a plaintiff must establish the following four factors:(1) a substantial likelihood of success on the merits of the case; (2) irreparable injury to the movant if the preliminary injunction is denied; (3) the threatened injury to the movant outweighs the injury to the other party under the preliminary injunction; and (4) the injunction is not  adverse to the public interest.  Valley Community vs. Mineta, 373 F.3d 1078, 1083 (10th Cir. 2004) (citing Kikumura v. Hurley, 242 F.3d 950, 955 (10th Cir. 2001)).

In this circuit, and most others, there is a presumption of injury at the preliminary injunction stage once a copyright infringement plaintiff has demonstrated a likelihood of success on the merits "[b]ecause the financial impact of copyright infringement is hard to measure and often involves intangible qualities such as customer goodwill." Country Kids'N City Slicks, Inc. v. Sheen, 77 F.3d 1280, 1288-89 & n.10 (10th Cir. 1996) (remanding for district court to consider whether presumption of irreparable injury in copyright cases applied after re-analyzing whether plaintiff could show likelihood of success on merits); Fisher-Price, Inc. v. Well-Made Toy Mfg. Corp., 25 F.3d 119, 124 (2d Cir.1994)(copyright infringement is presumed to give rise to irreparable harm); Apple Computer, Inc. v. Franklin Computer Corp., 714 F.2d 1240 (3rd Cir. 1983) (presumption of irreparable harm exists where there is "adequate evidence of the expenditure of significant time, effort and money directed to the production of the copyrighted material . .  Otherwise, the rationale for protecting copyright, that of encouraging creativity, would be undermine").

Plaintiffs allege that they are, and have been at all relevant time, the copyright owners or licensees of exclusive rights under federal copyright law with respect to the sound recordings

3

which they assert have been infringed by Defendant.  Compl., ¶ 10.  They assert that Defendant

has, without permission or consent of Plaintiffs, continuously downloaded and/or distributed to

the public the sound recordings listed in Exhibit A to the complaint, as well as additional sound

recordings which are not included in that list. Because Defendant's default constitutes an

admission of the factual allegations in the complaint, it meets the requirement that Plaintiff

demonstrate a likelihood of success on the merits.  See Caribbean Produce Exchange v. Caribe

Hydro-Trailer, Inc., 65 F.R.D. 46, 48 (D.P.R.1974) (plaintiffs not required to show irreparable

harm because defendants' default satisfies the element of success on the merits).  As a result,

Plaintiffs are entitled to a presumption of irreparable injury.

Plaintiffs allege that Defendant's infringement is continuous and ongoing. There is no

evidence that Defendant has stopped infringement, or that without an injunction, Defendant would

stop.  Plaintiffs note that because Defendant uses an online media distribution system with

potential users in the millions, Plaintiffs' sound recordings are vulnerable to massive, repeated and

almost instantaneous infringement. Plaintiffs seek an injunction that would cover new works that

are vulnerable to future infringement.  I find that the scope and nature of the infringement meets

the third prong of the analysis for injunctive relief, in that the threatened injury to the movant

outweighs the injury to Defendant.

Finally, case law supports Plaintiffs' position that the injunction would not be adverse to

the public interest. Apple Computer, Inc. v. Franklin Computer Corp., 714 F.2d 1240, 1255 (3rd

Cir. 1983) ("Since Congress has elected to grant certain exclusive rights to the owner of a

copyright in a protected work, it is virtually axiomatic that the public interest can only be served

by upholding copyright protections and, correspondingly, preventing the misappropriation of the

4

skills, creative energies, and resources which are invested in the protected work"); <u>Autoskill Inc.</u>
<u>v. National Educational Support Systems, Inc</u>. 994 F.2d 1476, 1499 (10th Cir. 1993) (in
copyright cases, the public interest is the interest in upholding copyright protections.

Accordingly, I find that Plaintiffs have established the factors required for the issuance of
injunctive relief.

        B.     <u>Statutory Damages</u>

Under § 504(c)(1), a copyright owner may elect before final judgment to recover statutory
damages instead of actual damages and profits.  A copyright owner may elect to recover in
statutory damages a "sum of not less than $750 or more than $30,000 as the court considers just."
17 U.S.C. § 504(c)(1); see also Fed.R.Civ.P. 55(b)(2).

Courts routinely award minimum statutory damages, or higher, as part of default
judgments in copyright infringement cases.  <u>See</u>, <u>e.g.</u>, <u>Morley Music Co. v. Dick Stacey's Plaza</u>
<u>Motel, Inc</u>. 725 F.2d 1 (1st Cir. 1983) (affirming award for copyright infringement greater than
minimum); <u>Getaped.Com, Inc. v. Cangemi</u>, 188 F.Supp.2d 398 (S.D.N.Y.,2002) (awarding
higher than statutory damages); <u>D.C. Comics Inc. v. Mini Gift Shop</u>, 912 F.2d 29 (2nd Cir. 1990)
(awarding greater than minimum statutory damages as part of default judgment).

Plaintiffs allege that Defendant has infringed on Plaintiffs' copyrights and exclusive rights
regarding the sound recordings listed in Exhibit A attached to the complaint, as well as other
sound recordings which, according to Plaintiffs' information and belief, Defendant has also
downloaded and/or distributed to the public. However, Plaintiffs request only minimum statutory
damages for infringement concerning the eight sound recordings, for a total of $6,000.00.  I find
that Plaintiffs are entitled to this sum of damages.

**III.    A Hearing On Damages is Not Necessary**

The final question on this case is whether a hearing on damages is necessary.  Discretion as to the judgment or the need for a hearing on damages is vested with the district court. Ortiz-Gonzalez v. Fonovisa, 277 F.3d 59, 63-64 (1st Cir. 2002). Before the entry of default judgment, Fed.R.Civ.P. 55(b)(2) provides for the district court, "as it deems necessary and proper," to conduct an evidentiary proceeding to determine the proper amount of damages. Such proceedings are required "unless the amount claimed is liquidated or capable of ascertainment from definite figures contained in documentary evidence or detailed affidavits." O'Brien v. R.J. O'Brien & Associates, Inc., 998 F.2d 1394, 1404 (7th Cir. 1993); HMG Property Investors, Inc. v. Parque Indus. Rio Canas, Inc., 847 F.2d 908, 919 (1st Cir. 1989) (default judgment can be entered without hearing of any kind if arriving at judgment amount involves nothing more than computations which may be figured from the record).

In this case, no hearing is necessary in imposing damages, because the basis for damages is based on Defendant's admission of the allegations in the complaint by virtue of her default, and the sum specified by statute under 17 U.S.C. § 504(c)(1). The mathematical computation of damages is arrived at simply by multiplying the eight cited instances of sound recording infringement with the requested minimum statutory penalty (8 times $750.00), for a total of the requested $6000.00.  See, e.g., Fustok v. ContiCommodity Services, Inc., 873 F.2d 38 (2nd Cir. 1989) (no hearing necessary where basis for damages was specified in default judgment).[3]  As a

---

[3]  This is not a case where Plaintiffs seek an increase of the statutory damages to a maximum amount of $150,000, based on Defendant's willful conduct, and as allowed by § 504(c)(2).  In that situation, the Court would be somewhat reluctant to make a finding of willfulness on the part of Defendant without a hearing.

6

result, the Court will award the requested damages without a hearing.

**Conclusion**

Plaintiffs are entitled to a default judgment as to Defendant's liability.  Also, because Plaintiffs have satisfied the four factors necessary for injunctive relief, the Court grants Plaintiffs' request for injunctive relief, which will be set forth in a separate Order.  The Court also grants Plaintiffs' request for minimum statutory damages for eight instances of sound recording infringement, as alleged in the complaint, and admitted by Defendant through default, amounting to $6,000.00.  The Court awards statutory damages and injunctive relief without a hearing, because the amount and nature of damages were easily and specifically ascertained from the relevant statutory provisions governing damages in copyright infringement cases.

**THEREFORE,**

**IT IS ORDERED** that Plaintiffs' Application for Entry of Default Judgment by the Court **(Doc. 14)**, is hereby GRANTED, as set forth above;

**IT IS FURTHER ORDERED** that Plaintiffs' requested relief for statutory damages in the amount of $6,000.00 is hereby GRANTED, along Plaintiffs' costs of suit in the amount of Four Hundred Twenty Dollars ($420.00);

A separate Order of Default Judgment and Permanent Injunction will be entered separately.

_____
UNITED STATES DISTRICT JUDGE