IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


PRIORITY RECORDS, LLC,
UMG RECORDINGS, INC.,
BMG MUSIC, and WARNER
BROS. RECORDS, INC.,

        Plaintiffs,

  vs.                                   No. CIV 07-920 WJ/LFG

SYLVIA PADILLA,

        Defendant.


## ORDER QUASHING WRIT OF EXECUTION

THIS MATTER comes before the Court on an Order to Show Cause [Doc. 27] and Plaintiffs' Response thereto [Doc. 28].  On July 12, 2010, the Court entered the Order to Show Cause, directing Plaintiffs to show cause why their Application for Writ of Execution should not be quashed.  The Court noted that the Application was defective in that counsel did not comply with the requirements for certification under 28 U.S.C. § 1746, and because in the Application counsel represented, inaccurately, that Defendant had not filed a claim of exemption.

Plaintiffs contend, first, that certification is not necessary under 28 U.S.C. § 1746, because executions in federal court proceed in accord with state law, and New Mexico law does not require certification by counsel.

FED. R. CIV. P. 69(a)(1) provides that a money judgment is enforced by a writ of execution, and that "[t]he procedure on execution – and in proceedings supplementary to and in aid of judgment or execution – must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies."  The procedure for issuance of writs of execution is governed in New Mexico by the Rules of Civil Procedure for the District Courts, NMRA 1-065.1. This Rule provides that the party seeking execution may apply to the court for a writ of execution. When the judgment debtor is a natural person, as in this case, the writ will issue:

> (a) upon filing of either a certificate by an attorney for the judgment creditor or an affidavit by the judgment creditor stating that:
>
>> (i) the judgment creditor served the judgment debtor with a notice of right to claim exemptions as required by this rule; and
>>
>> (ii) the judgment debtor has not filed a claim of exemption for the property to be seized and sold as provided by this rule.

NMRA 1-065.1(A)(2)(a).

In their Response to the Order to Show Cause, Plaintiffs point to Paragraph (K) of Rule 1-065.1, which provides that the application for writ of execution must be substantially in the form approved by the New Mexico Supreme Court.  Plaintiffs acknowledge that there is no approved form for an application for writ of execution.  They point out, however, that other forms approved by the state supreme court do not require any particular certification by counsel, but rather provide for an affidavit which must either be sworn, or else simply signed by counsel.

The fact that forms for other purposes do not require certification is not persuasive.  This case was brought in federal court and, although the relevant federal rule provides for application of state procedure, nevertheless "a federal statute governs to the extent it applies."  FED. R. CIV. P. 69(a)(1).  In this case, state procedure requires that the application include "either a certificate by an attorney for the judgment creditor or an affidavit by the judgment creditor."   NMRA 1.065.1(A)(1)(a).  The Application in question does not include an affidavit by the judgment creditor; therefore, "a certificate by an attorney" is required.  Plainitffs have not pointed to any law of the state of New Mexico defining what is meant by "certificate," and thus, the Court turns to the federal statute, 28 U.S.C. § 1746, which "governs to the extent it applies."

That statute provides as follows:

> Wherever, under any law of the United States or under any rule, regulation, order, or requirement made pursuant to any law, any matter is required or permitted to be supported, evidenced, established, or proved by the sworn declaration, verification, *certificate*, statement, oath, or affidavit, in writing of the person making the same . . . such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn

2

> declaration, certificate, verification, or statement, in writing of such
> person which is subscribed by him, as true under penalty of perjury,
> and dated, in substantially the following form: . . .  "I declare (or
> certify verify, or state) under penalty of perjury that the foregoing is
> true and correct Executed on (date). (Signature)." [Emphasis added].

The Court finds that this statute is applicable to the procedures, otherwise governed by state law, for taking out a writ of execution.

While this may seem a minor matter, the Court notes that the four corporate Plaintiffs in this case have a total of six attorneys representing them.  If they wish to pursue their legal remedies against Defendant, they certainly have the resources to follow the letter of law in doing so.  Plaintiffs feel they have been wronged and damaged by the actions of the Defendant who, they allege in their complaint, downloaded eight pieces of music and thereby caused them damage in the amount of $6,000.  Defendant did not answer the complaint and therefore, legally, she admits the allegations therein.  Plaintiffs took their default judgment against Defendant and are now seeking to execute on that judgment.  They have a legal right to do this, but they must proceed by the rules.

On the second matter raised by the Court in the Order to Show Cause, counsel for Plaintiffs concedes that an inaccurate statement was made in the Application.  Counsel asserted in the Application that "Defendant Padilla has not filed a claim of exemption with the Court," and that she therefore waived her right to claim an exemption.  This statement was not made, as required, under penalty of perjury, and in fact is incorrect.  Defendant did file a claim of exemption. [Doc. 18].

In the Response to the Order to Show Cause, counsel indicates that this misstatement was an inadvertent oversight, and the Court has no reason to conclude otherwise.  It is clear, however, that Defendant was potentially denied some of the protections of the execution procedures because of this oversight.  Indeed, Plaintiffs themselves were deprived of the right to dispute any claim of exemption and request a hearing, as provided in NMRA 1-065.1 (F)-(H).

Plaintiffs contend that the issue now moot, as Plaintiff made a partial payment on the judgment in the amount of $500, and she did not allege that the $500 payment violated any of her exemptions.  [Doc. 28, at 3; *see also* Doc. 23].  Plaintiffs state that the 60-day period for service of

the Writ of Execution has expired, and they will not continue to pursue Defendant by way of this writ.

Plaintiffs do intend to pursue discovery in aid of execution.  They filed a Motion to Compel Defendant's responses, and the time for responding to that Motion has not yet elapsed.  Although she has not been responsive in the past, other than filing the Claim of Exemptions, the Court cannot presume that Defendant will fail to respond to the Motion to Compel.  That Motion will be considered when it is ripe.

The Court notes that no address of record is listed on the docket sheet for Defendant Sylvia Padilla.  While Plaintiffs have been serving Defendant with copies of their filings in this case, it is not clear that Defendant received any orders or other documents entered by the Court.  The Summons, and the Claim of Exemption which Defendant filed, lists her address at: 4405 Boone St., NE, Albuquerque NM 87109.

The Court directs the Clerk to add that address to the record of this case to ensure that Defendant receives notice of any future filings, and to mail a copy of all pleadings and documents which have been previously been filed in this case to Defendant at that address.

## Order

IT IS THEREFORE ORDERED that the Writ of Execution previously issued in this case is quashed as issued on an incomplete and incorrect Application.

IT IS FURTHER ORDERED that a copy of all pleadings in this case be sent to Defendant Sylvia Padilla at the address noted above.

Lorenzo F. Garcia
United States Magistrate Judge