IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PRIORITY RECORDS, LLC,
UMG RECORDINGS, INC.,
BMG MUSIC, and WARNER
BROS. RECORDS, INC.,

        Plaintiffs,

vs.                                                                     No. CIV 07-920 WJ/LFG

SYLVIA PADILLA,

        Defendant.

## ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL

THIS MATTER comes before the Court on Plaintiffs' Motion to Compel Discovery [Doc. 26], filed July 7, 2010. Defendant did not file a response to the Motion, and the time for doing so has expired. The failure of a party to file and serve a response in opposition to a motion with the prescribed time constitutes consent to grant the motion. D.N.M.LR-Civ. 7.1(b).

Default Judgment was entered in this case on March 19, 2008. [Doc. 17]. Plaintiffs mailed Interrogatories and Requests for Production in Aid of Execution on May 17, 2010. [*See*, Doc. 25]. Defendant did not serve responses to the requests for discovery within the prescribed time, and Plaintiffs sent her a letter on June 16, 2010, requesting a response by June 28, 2010 and notifying her that she would be subject to costs and attorney fees incurred as a result of her failure to respond. [Doc. 26, Ex. B]. Plaintiffs state that they received no response to this letter, and Defendant has not notified the Court otherwise. The Court will therefore grant Plaintiffs' Motion and order Defendant to respond to the discovery requests.

Plaintiffs ask the Court to award them attorney fees in connection with this Motion. FED. R. CIV. P. 37(a)(5)(A) provides that, if a motion to compel is granted, the Court must order the party whose conduct necessitated the motion to pay the moving party's reasonable expenses incurred in making the motion, including attorney fees. However, the Court "must not order this payment" if

circumstances make an award of expenses and attorney fees unjust. FED. R. CIV. P. 37 (a)(5)(A)(iii). Although the Rule in couched in mandatory language, it is clear that the Court retains discretion to deny a request for attorney fees.

> Only a handful of reported cases include an award of expenses, and the Columbia Survey found that in only one instance out of about 50 motions decided under Rule 37(a) did the court award expenses . . . . The proposed change provides in effect that expenses should ordinarily be awarded unless a court finds that the losing party acted justifiably in carrying his point to court. At the same time, a necessary flexibility is maintained, since the court retains the power to find that other circumstances make an award of expenses unjust . . . . [T]he amendment does not significantly narrow the discretion of the court.

Advisory Committee Note to Rule 37(a), 1970 amendment.

The Court will deny the request for attorney fees.

### Order

IT IS THEREFORE ORDERED that Plaintiffs' Motion to Compel Discovery [Doc. 26] is granted. Defendant Sylvia Padilla is directed to serve responses to Plaintiffs' Interrogatories and Requests for Production in Aid of Execution within 20 days of the date of this Order.

IT IS FURTHER ORDERED that Plaintiffs' request for attorney fees is denied.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge