IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PRIORITY RECORDS, LLC, et al.,

    Plaintiffs,

vs.                                                                                                    No.  07-cv-920 WJ/LFG

SYLVIA PADILLA,

    Defendant.

## MEMORANDUM OPINION AND ORDER OVERRULING OBJECTIONS TO MAGISTRATE JUDGE'S FINDINGS

THIS MATTER comes before the Court upon Plaintiffs' Objections to the Magistrate Judges Memorandum Opinion and Order of September 20, 2010, filed November 9, 2010 (**Doc. 41**).  Having considered Plaintiffs' objections and the applicable law, I find that Plaintiffs' objections are not well-taken and will be overruled. Defendant has not filed any pleadings in this case thus far.[1]

### Background

This is a copyright infringement case.  Plaintiffs are all recording companies, limited liability companies, partnerships, or major corporations involved in the music industry and either own or license copyrights to various musical compositions and recordings.  On March 19, 2008, the Court granted Default Judgment to Plaintiff, based on allegations that Defendant Sylvia Padilla ("Padilla") "unlawfully and continuously downloaded and/or distributed to the public

---

[1] Plaintiffs request oral argument due to the "significant impact" of this case on other copyright cases" and so that they "may address any concerns the Court may have."  Doc. 37 at 14.  The Court questions the significance of any legal impact this case might have, as it might have had the case been hotly contested and diligently litigated on both sides.  Also, at this point, the Court has no concerns on issues which need additional argument.  Therefore, Plaintiffs' request for oral argument is denied.

sound recordings owned by or exclusively licensed to Plaintiffs through "peer-to-peer"("P2P") file-copying networks.[2] Plaintiffs were awarded $6,000 statutory damages under § 502 of the Copyright Act and $420 in costs. Doc. 16. The issues before the Court arise from Plaintiffs' attempt to collect on the judgment.

Almost two years after the Default Judgment was entered, Plaintiffs filed an application for a writ of execution, which was issued by the Clerk of Court. Docs. 21 and 22. However, five days after the writ was issued by the Clerk, Magistrate Judge Lorenzo Garcia entered an Order to Show Cause sua sponte as to why the application for a writ of execution should not be stricken based on defects in the application. Doc. 27. Judge Garcia rejected Plaintiffs' arguments contained in their response to the Order to Show Cause and entered an Order Quashing the Writ of Execution. Doc. 29.

With the 60-day period for service of the Writ expiring, Plaintiffs decided not to pursue execution of the judgment under a writ, but instead decided to pursue discovery in aid of execution. On July 7, 2010, Plaintiffs filed a Motion to Compel Discovery, which was granted by Judge Garcia. Docs. 26 & 31. On September 10, 2010, Priority Records filed a Motion for Sanctions against Defendant for failure to answer interrogatories, seeking sanctions, costs incurred in compelling discovery, attorney fees, and a request that Defendant be held in contempt. Doc. 34. Judge Garcia denied Plaintiffs' motion, appealing to Plaintiffs' sense of equity, based on disparity between the parties and the consequences of the default judgment to Defendant. Doc. 35 ("September 20, 2010 Order"). In that Order, Judge Garcia made several findings, including:

---

[2] P2P networks are "systems or processes that enable Internet users to search for files (including audio recordings) stored on other users' computers and transfer exact copies of files from one computer to another via the Internet . . . ." Complaint, ¶ 12.

- There was little relation "between the actual harm Plaintiffs suffered and the $6,420 which the Court was required to impose for the act of downloading eight songs," noting that "for the offense of downloading eight songs, the unrepresented defendant was saddled with a $6,420 judgment." Doc. 35 at 4.

- There was considerable disparity between the parties, noting that Ms. Padilla was "likely a college student . . . accused of downloading a total of eight songs from eight different albums,"and "likely had no money to secure counsel." Doc. 35 at 3 & 6.

- There was no evidence or allegation that Defendant was a bootlegger or involved in a commercial enterprise in downloading music.

- As a result of the default judgment, Defendant has already suffered harm by having a judgment on record against her and will suffer harm in the future by an adverse credit rating as a result of an unpaid judgment;

- noting possible defenses Ms. Padilla may have, such as the possibility that she could have allowed a friend or relative to use her computer.

In their Motion for Reconsideration (Doc. 37), Plaintiffs objected to these findings. They contended that Judge Garcia ignored facts which had been established in this case through default, and that the Court failed to adequately consider the scope of Defendant's illegal distribution of Plaintiffs' sound records. Plaintiffs noted that there was no basis for Judge Garcia's suggestion that Defendant was likely a college student, and that there was evidence on the record that Defendant was in fact a white woman between 45 and 55 years old. Doc. 6. Plaintiffs pointed out that Defendant's unlawful conduct was not restricted to just downloading eight songs. Defendant was identified through her IP address as being responsible for using the "LimeWire" P2P file sharing program to distribute over 2,000 digital audio files, including many of Plaintiffs'' copyrighted sound recordings, to millions of other users on the file-sharing network. Plaintiffs claimed that these findings impermissibly amended the underlying default judgment in a post-judgment context. Plaintiffs also objected to the Court's assumption that Defendant was not profiting from her infringing conduct on the basis of a lack of evidence on the record. The definition of "financial gain" under the Copyright Act includes the "expectation of

3

receipt, of anything of value, including the receipt of other copyrighted works." 17 U.S.C. § 101. Plaintiffs propose that a person who engages in "file-sharing," as did Ms. Padilla, does so with the expectation of receiving copyrighted works in return, without paying for them – and thus, does so for financial gain.

Plaintiffs objected to Judge Garcia's "chastising" them for not putting on evidence of actual damages and opting for statutory damages instead. First, Plaintiffs point out that the statutory remedy for copyright infringement serves a compensatory as well as punitive objective, and that damages pursuant to the statute need not be related to actual injury.[3] Second, Plaintiffs state they would have presented damages evidence had the case proceeded to an evidentiary phase. Instead, the Court awarded damages under the statute. Third, Plaintiffs requested only a minimal measure of damages, limiting the request to $570 for only the eight works alleged to have been infringed. Plaintiffs contend that the Court cannot now hold it against them not to have shown evidence of actual damages, or require them to present such evidence now, after default judgment has been granted.

Also in their Motion for Reconsideration, Plaintiffs challenged Judge Garcia's suggestion that Ms. Padilla may have multiple defenses to liability. They assured the Court that had Defendant had raised the issue to the Court that someone else in the household may have been

---

[3] *See, e.g., Lowry's Reports, Inc. v. Legg Mason, Inc.*, 302 F. Supp. 2d 455, 459 (D. Md. 2004) ("Because statutory damages are an alternative to actual damages, there has never been a requirement that statutory damages must be strictly related to actual injury."); *Los Angeles News Serv. v. Reuters Tele Int'l., Ltd.*, 149 F.3d 987, 996 (9th Cir. 1998) ("Because awards of statutory damages serve both compensatory and punitive purposes, a plaintiff may recover statutory damages whether or not there is adequate evidence of the actual damages suffered by plaintiff or of the profits reaped by defendant, in order to sanction and vindicate the statutory policy of discouraging infringement."); *F.W. Woolworth Co. v. Contemporary Arts, Inc.*, 344 U.S. 228, 233 (1952);("Even for uninjurious and unprofitable invasions of copyright the court may, if it deems it just, impose a liability within statutory limits to sanction and vindicate the statutory policy.").

responsible for the infringement, Plaintiffs would not have pursued the claim against Defendant. Last, Plaintiffs object to Judge Garcia's finding that Plaintiffs have not established irreparable harm from the infringement.

The motion to reconsider requested relief in the form of vacating its Order denying its request for sanctions, and advised the Court that they no longer were requesting sanctions or attorney fees. Instead, Plaintiffs requested that Judge Garcia order the parties to appear before the Court for an "in-person conference" to attempt to resolve the matter amicably or, "alternatively, be able to get answers to their post-judgment discovery." Doc. 37 at 2.

On October 26, 2010, Judge Garcia granted Plaintiffs' Motion for Reconsideration on the basis that Defendant failed to respond, and also on Plaintiffs' representations that they no longer sought sanctions and attorney fees. Doc. 40. Judge Garcia revised his earlier ruling, ordering Padilla to

> appear for an interview at a time and place to be designated by Plaintiffs and respond to inquiries concerning her ability to respond to the Default Judgment. Plaintiffs and Padilla will have an opportunity to discuss an amicable resolution of the Judgment.

Doc. 40 at 1. Notably, the parties were not specifically ordered to appear before the Court. Judge Garcia granted the relief specifically requested by Plaintiffs, and thus did not address the other arguments concerning misapprehensions of fact or law which were raised in the Motion for Reconsideration.

On November 9, 2010, Plaintiffs filed the present set of Objections (Doc. 41), which can best be described as a second challenge to Judge Garcia's September 20, 2010 Order (Doc. 35), containing the same objections presented in the motion for reconsideration, and now presented as an appeal to the undersigned. Apparently, even though Judge Garcia granted Plaintiffs' motion to reconsider by ordering Defendant to appear for an interview with Plaintiffs, as

5

Plaintiffs requested, Plaintiffs are not satisfied with that result.

**Discussion**

In the instant set of objections, Plaintiffs note that Judge Garcia refused to vacate his earlier Order or reconsider any of the erroneous factual findings or legal conclusions contained in that Order.

**I.     Legal Standard**

Federal Rule of Civil Procedure 72(a) provides that the district court shall consider objections made by the parties and shall modify or set aside any portion of the magistrate's order found to be clearly erroneous or contrary to law. *See, e.g., Weekoty v. United States,* 30 F.Supp.2d 1343, 1344 (D.N.M. 1998). A finding of fact is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. *See, e.g., United States v. United States Gypsum Co.,* 332 U.S. 364, 395 (1948); *Ocelot Oil Corp. v. Sparrow Indus.,* 847 F.2d 1458, 1464 (10th Cir. 1988). When reviewing a question of law, however, the standard is *de novo.* Thus, the district court owes no deference to the magistrate's legal conclusions, and may substitute its own judgment on questions of law. *Weekoty v. U.S.*, 30 F.Supp.2d 1343, 1344 (D.N.M.,1998).

**II.    Analysis**

After reviewing all the pleadings in this case, I conclude that Judge Garcia committed no legal errors in his September 20, 2010 Order. In fact, the thrust of his findings was based on equitable considerations, evident from the very first page of the Order.[4]  Further, going through

---

[4] Judge Garcia stated in the second paragraph of his Order:
In Cervantes' work, Don Quixote, one of the most important examples of classic Spanish literature, we read of Don Quixote's admonition to Sancho Panza on the qualities of good governance. Two of his oft-cited admonitions are appropriate

6

a list of the Court's findings in that Order, it appears that any misapprehensions of fact were not clearly erroneous, nor did they modify in any way Plaintiffs' entitlement to the full amount awarded to them in the default judgment granted by the Court. The Court's findings as to Plaintiffs' objections are listed below, according to category of objection.

- *Findings concerning a correlation between damages awarded and actual harm suffered*: Plaintiffs object to Judge Garcia's finding that there was little relation between the actual harm Plaintiffs suffered and the $6,420 the Court imposed as a judgment. Plaintiffs balk at this finding, relying on the law which allows them to opt for statutory damages without having to show actual damages. I do not consider Judge Garcia's statement that Plaintiffs' would be "hard-pressed to establish actual damages above a few dollars for the infringement" (Doc. 35 at 4) to be a clearly erroneous fact. Nor is it an incorrect legal conclusion: Judge Garcia did not question Plaintiffs' legal entitlement to a statutory award under the Copyright Act. His comment that there may be a *lack* of correlation between actual damages and a statutory award cannot be reasonably read to mean that Judge Garcia *found* that such a correlation was necessary order to obtain a statutory award. For whatever reason, Plaintiffs *did* opt for statutory damages, and it is not clearly erroneous or legally incorrect to suggest that Plaintiffs' actual damages probably do not correlate with the statutory damages they were awarded in the Default Judgment.

- *Findings regarding disparity of parties*: I find nothing clearly erroneous or contrary to law with regard to Judge Garcia's observation of a disparity in the parties. It is factually true that Defendant was unrepresented by counsel. Judge Garcia did not find as a matter of law that Defendant was a college student, but found only that Ms. Padilla was "perhaps" a college student.[5] It is disingenuous for Plaintiffs to insist that there is no disparity between Ms. Padilla and Plaintiffs. Plaintiffs are national recording companies, corporations, partnerships and limited liability companies. Six separate attorneys entered an appearance for Plaintiffs and are, as Judge Garcia noted, pressing relentlessly with all the resources they have at hand to secure execution of the Judgment to which they are

---

considerations in this case. First, Don Quixote advises, "If per chance thou permit the bar of justice to bend, let it be not by the weight of a gift, but by that of mercy." Miguel de Cervantes, Don Quixote, Ch. XLII (1615). Second, Don Quixote tells Sancho, the governor-to-be, "When equity may and should be brought into play, press not the ultimate rigour of the law against the guilty, for the reputation stern judge stands not higher than that of the compassionate." Id. These admonitions have significant application here, as this case presents a situation where the rod of justice should bend and where compassion and mercy need be considered.

Doc. 35 at 1.

[5] "Padilla, on the other hand, is an individual, perhaps a college student, and without any insurance policy that would provide for a defense to the charges. She did not answer and did not assert factual or legal defenses." Doc. 35 at 5.

entitled. Judge Garcia's findings that (a) there was no evidence or allegation that Defendant was a bootlegger or involved in a commercial enterprise in downloading music, or (b) there was no evidence on the record that Defendant profited from her infringing conduct, are accurate findings. Plaintiff won this case by default, not by presenting evidence on the record. Similarly, Judge Garcia's statement that Ms. Padilla *might* have possible defenses is neither inaccurate or clearly erroneous.

- *Findings regarding Defendant's unlawful conduct.* Plaintiff pointed out that Defendant's unlawful conduct was not restricted to the downloading of eight songs, as mentioned in the September 20, 2010 Order. Rather, Defendant was identified through her IP address as being responsible the distribution of over 2,000 digital audio files through the LimeWire file-sharing program. Plaintiffs are indeed correct that Defendant's unlawful conduct includes the distribution of over 2,000 audio files, as alleged in the Complaint. However, Plaintiffs asserted claims for copyright infringement, and received monetary damages, on only those eight digital audio files.[6] Thus, Judge Garcia's reference to Defendant's downloading of eight audio files was not clearly erroneous simply because it did not encompass other the broader conduct alleged in the Complaint.

- *Findings related to irreparable harm:* Finally, Plaintiffs object to that portion of the September 20, 2010 Order which purportedly makes several findings suggesting that Plaintiffs have not established irreparable harm from Defendant's infringement, referring to pages 6 -7 in the Order (Doc. 35). I am unable to find any language on those pages which state that Plaintiffs have not established irreparable harm. What I do see is Judge Garcia's description of the adverse effect this default judgment will have on Defendant's future ability to obtain credit. These statements are consistent with Judge Garcia's explanation for his decision not to grant Plaintiffs' request for sanctions. Characterizing these "findings" as findings related to irreparable harm suffered by Plaintiffs removes the language from its context. Further, the few references to "irreparable injury" or harm made by Judge Garcia are clearly erroneous statements, nor are they contrary to law. The statements are accurate representations reflecting the fact that Plaintiffs prevailed in this case on a default judgment, and *not* as a result of a full-blown trial:

    o  ". . . Plaintiffs were victorious without ever having to step foot in court or present the testimony of even a single witness concerning the harm that was so great and irreparable" that it "cannot fully be compensated or measured in money." Doc. 35 at 6-7;

    o  ". . . [T]he Plaintiffs paint by too broad a brush by alleging the act committed by Padilla in downloading a P2P file is an act of such "irreparable injury" that these

---

[6] Plaintiffs consider themselves to have "exercised restraint" in seeking statutory damages of $750 "for each work alleged in the Complaint." Doc. 37 at 10. That may be so, but they cannot now change the basis of liability which they sought and on which they have prevailed.

8

        mighty corporations are suffering great harm that "cannot fully be compensated nor measured." Doc. 35 at 2-3.[7]

- "Notwithstanding Plaintiffs' allegations of losses that are so 'great and irreparable' that they 'cannot fully be compensated or measured by money,' Plaintiffs did not present any evidence of actual damages or lost profits as a result of Padilla's downloading these eight albums. Instead, it appears that Plaintiffs relied on 17 U.S.C. § 504(c) requesting an award of statutory damages." Doc. 35 at 4.[8]

Accordingly, the Court overrules Plaintiffs' objections to the findings in the September 20, 2010 Order for reasons described above.

## III.     Relief

The Court is not clear on what relief Plaintiffs seek at this point. None of the findings in the September 20, 2010 Order affects in any way Plaintiffs' entitlement to default judgment or the awarded statutory damages they sought. *See Burlington No. R.R. Co. v. Huddleston*, 94 F.3d 1413, 1415 (10th Cir. 1996) (Where the district court has entered a default judgment, the well pled factual allegations of a complaint are proven by the defendant's default). Plaintiffs are not asking for reversal on Judge Garcia's findings regarding imposition of sanctions against Defendant, nor would the Court be likely to sustain any of Plaintiffs' objections in this regard. Further, Plaintiffs have represented to the Court that they no longer seek sanctions, and thus they cannot now seek relief they have agreed to relinquish. Doc. 37 at 2. Judge Garcia's Order of October 26, 2010 granting Plaintiffs' motion to reconsider required Ms. Padilla to appear for an interview so that the parties can attempt to resolve matters. Doc. 40 at 1. Plaintiffs still have

---

[7] The Court notes that the Complaint alleges irreparable harm, but that this harm was based on alleged conduct that included the distributing for file-sharing more than 2,000 audio files, not just the eight albums or songs for which Plaintiffs sought damages.

[8] This is a correct statement of fact. Plaintiffs were not required to present evidence of damages, which were awarded by the Court without a hearing, based on their request for statutory damages. Thus, it is a true statement that Plaintiffs have alleged substantial loss, but did not present evidence of actual damages.

this option available to them. Judge Garcia did not require the parties to appear before the Court, and to the extent Plaintiffs wish to tailor Judge Garcia's findings to involve the Court in their collection activities, I overrule any such objection.

Plaintiffs also have the option of applying for another Writ of Execution. The Court's rulings on Plaintiffs' previous application (Docs. 27 and 29) should provide Plaintiffs with sufficient guidance for a second application to conform to the requirements of 28 U.S.C. § 1746.

## IV.     Conclusion

After reviewing the Court's previous rulings in this case, findings made by Magistrate Judge Garcia and Plaintiffs' objections to those findings, as well as the applicable law, the Court OVERRULES Plaintiffs' objections. Specifically, the Court finds that the focus of many of Plaintiffs' objections are more editorial comments or observations made by Judge Garcia rather than factual findings in this case; that none of Judge Garcia's findings are clearly erroneous, and that these findings are not contrary to law.

**SO ORDERED**.

_____
UNITED STATES DISTRICT JUDGE